UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH
CENTRAL DIVISION

| | |
|---|---|
| CONSTANTINO CUARA RODRIGUEZ,<br><br>Plaintiff,<br><br>v.<br><br>AMERICAN EXPRESS NATIONAL BANK; and ZWICKERS ASSOCIATES PC,<br><br>Defendants. | MEMORANDUM DECISION AND ORDER PERMITTING PLAINTIFF TO FILE AMENDED COMPLAINT<br><br><br>Case No. 2:23-cv-00429<br><br>Magistrate Judge Daphne A. Oberg |

Plaintiff Constantino Cuara Rodriguez, proceeding *in forma pauperis* (without paying the filing fee) and without an attorney, filed this action against American Express National Bank and Zwickers Associates PC.[1] Because the complaint is deficient as set forth below, the court permits Mr. Cuara Rodriguez to file an amended complaint to correct these deficiencies by **September 15, 2023**.

## LEGAL STANDARDS

Whenever a court authorizes a party to proceed *in forma pauperis*, the court must dismiss the case if it determines the complaint "fails to state a claim on which relief may be granted."[2] In determining whether a complaint fails to state a claim for relief under section 1915, the court employs the standard for analyzing a motion to dismiss for failure to state a claim under Rule

---

[1] (*See* Compl., Doc. No. 5.)

[2] 28 U.S.C. § 1915(e)(2)(B)(ii).

1

12(b)(6) of the Federal Rules of Civil Procedure.[3]  To avoid dismissal under Rule 12(b)(6), a complaint must allege "enough facts to state a claim to relief that is plausible on its face."[4]  The court accepts well-pleaded factual allegations as true and views the allegations in the light most favorable to the plaintiff, drawing all reasonable inferences in the plaintiff's favor.[5]  But the court need not accept the plaintiff's conclusory allegations as true.[6]  "[A] plaintiff must offer specific factual allegations to support each claim."[7]  This court also has an "independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party."[8]

Because Mr. Cuara Rodriguez proceeds pro se (without an attorney), his filings are liberally construed and held "to a less stringent standard than formal pleadings drafted by lawyers."[9]  Still, pro se plaintiffs must "follow the same rules of procedure that govern other litigants."[10]  For instance, a pro se plaintiff "still has the burden of alleging sufficient facts on

---

[3] *Kay v. Bemis*, 500 F.3d 1214, 1217 (10th Cir. 2007).

[4] *Hogan v. Winder*, 762 F.3d 1096, 1104 (10th Cir. 2014) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 547 (2007)).

[5] *Wilson v. Montano*, 715 F.3d 847, 852 (10th Cir. 2013).

[6] *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

[7] *Kan. Penn Gaming, LLC v. Collins*, 656 F.3d 1210, 1214 (10th Cir. 2011).

[8] *Image Software, Inc. v. Reynolds & Reynolds Co.*, 459 F.3d 1044, 1048 (10th Cir. 2006) (internal quotation marks omitted).

[9] *Hall*, 935 F.2d at 1110.

[10] *Garrett v. Selby, Connor, Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005).

which a recognized legal claim could be based."[11] While the court must make some allowances for a pro se plaintiff's "failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements,"[12] the court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf."[13]

## ANALYSIS

Mr. Cuara Rodriguez's complaint appears to challenge a judgment entered against him in another court. The complaint alleges Mr. Cuara Rodriguez "got a judgment against [him]" for a credit card he never had or used.[14] He states he was not in the country before COVID-19; he "got home all this judgments [sic]"; and he "did a set aside they commit perjury misleading the case hack the meeting court I can't talk to the judge they deny the case."[15] To the extent Mr. Cuara Rodriguez is attempting to challenge a state court judgment, this court lacks jurisdiction over such a claim. Under the *Rooker-Feldman* doctrine, "federal courts, other than the United States Supreme Court, lack jurisdiction to adjudicate claims seeking review of state court

---

[11] *Jenkins v. Currier*, 514 F.3d 1030, 1032 (10th Cir. 2008) (internal quotation marks omitted).

[12] *Hall*, 935 F.2d at 1110.

[13] *Smith v. United States*, 561 F.3d 1090, 1096 (10th Cir. 2009) (internal quotation marks omitted).

[14] (Compl., Doc. No. 5 at 3.)

[15] (*Id.*)

judgments."[16] Thus, "[t]he losing party in a state court proceeding is generally barred from seeking what in substance would be appellate review of the state [] judgment in a United States district court."[17] Accordingly, the court lacks jurisdiction over Mr. Cuara Rodriguez's claim to the extent he seeks to challenge a state court judgment.

The remainder of the complaint lacks coherent factual allegations and fails to state a plausible claim for relief. The complaint states Mr. Cuara Rodriguez is "the owner of all trademarks heredetary [sic] of United States of America in global network under sha [sic] '256' fingerprint secret seal USA."[18] These allegations are unintelligible and fail to support any cognizable claim. Mr. Rodriguez also checked boxes on the pro se complaint form indicating he is bringing the case under 42 U.S.C. §§ 1983 and 1985,[19] but he fails to allege facts sufficient to state a claim under either statute. Specifically, he fails to allege a "deprivation of a federal right by . . . a person acting under color of state law" as required to state a claim under section 1983.[20] And he fails to allege any conspiracy to interfere with civil rights under section 1985.[21] The complaint also makes conclusory references to various criminal statutes: 18 U.S.C. § 1030

---

[16] *Bisbee v. McCarty*, 3 F. App'x 819, 822 (10th Cir. 2001) (unpublished) (citing *Dist. of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 486 (1982); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415–16 (1923)).

[17] *Id.*

[18] (Compl., Doc. No. 5 at 3.)

[19] (*Id.* at 1.)

[20] *Watson v. Kan. City*, 857 F.2d 690, 694 (10th Cir. 1988).

[21] *See* 42 U.S.C. § 1985; *Archuleta v. City of Roswell*, 898 F. Supp. 2d 1240, 1247 (D.N.M. 2012).

4

(computer fraud), 18 U.S.C. § 1031 (fraud against the United States), 18 U.S.C. § 1343 (wire fraud), 18 U.S.C. § 1348 (securities and commodities fraud), and Utah Code section 76-8-502 (perjury).[22] While sections 1030 and 1031 authorize private civil actions in certain circumstances,[23] Mr. Cuara Rodriguez's complaint lacks any allegations concerning fraud to which these statutes would apply, and it fails to allege facts sufficient to show he has standing to bring a claim under these statutes. The other referenced criminal statutes contain no private right of action.[24] Thus, Mr. Cuara Rodriguez fails to state a claim under the statutes referenced in the complaint, or any other recognized cause of action.

Because the court lacks jurisdiction over Mr. Cuara Rodriguez's claim challenging a state court judgment, and the complaint fails to state any other plausible claim for relief, the complaint

---

[22] (*See* Compl., Doc. No. 5 at 4.)

[23] *See* 18 U.S.C. § 1030(g) ("Any person who suffers damage or loss by reason of a violation of this section may maintain a civil action against the violator to obtain compensatory damages and injunctive relief or other equitable relief."); 18 U.S.C. § 1031(h) ("Any individual who—(1) is discharged, demoted, suspended, threatened, harassed, or in any other manner discriminated against in the terms and conditions of employment by an employer because of lawful acts done by the employee on behalf of the employee or others in furtherance of a prosecution under this section (including investigation for, initiation of, testimony for, or assistance in such prosecution), and (2) was not a participant in the unlawful activity that is the subject of said prosecution, may, in a civil action, obtain all relief necessary to make such individual whole.").

[24] *See Heath v. Root9B*, No. 18-cv-01516-RBJ-KMT, 2019 U.S. Dist. LEXIS 34391, at *17 (D. Colo. Mar. 4, 2019) (unpublished) ("18 U.S.C. § 1348 is a criminal statute without a private right of action."); *Hunter v. Hirsig*, No. 14-CV-0089-F, 2015 U.S. Dist. LEXIS 178270, at *19 (D. Wyo. Oct. 20, 2015) (unpublished) ("18 U.S.C. § 1343 . . . is a criminal statue with no private right of action."); *Cline v. State*, 2005 UT App 498, ¶ 29, 142 P.3d 127, 137 (holding the Utah Code provides criminal penalties for perjury but no private right of action), *cert. denied*, 133 P.3d 437 (Utah 2006).

is subject to dismissal.[25] Nevertheless, "[d]ismissal of a pro se complaint for failure to state a claim is proper only where it is obvious that the plaintiff cannot prevail on the facts he has alleged and it would be futile to give him an opportunity to amend."[26] Accordingly, Mr. Cuara Rodriguez will be given an opportunity to amend his complaint.

## CONCLUSION

The court ORDERS as follows:

1. Mr. Cuara Rodriguez may file an amended complaint by **September 15, 2023**. The words "Amended Complaint" should appear in the caption of the document.

2. Mr. Cuara Rodriguez is advised that an amended complaint will completely replace all prior versions of the complaint. Claims which are not realleged in the amended complaint will be deemed abandoned.[27]

3. Once filed, the court will screen the amended complaint under 28 U.S.C. § 1915(e) and Local Civil Rule DUCivR 3-2(b).

4. Other than an amended complaint, the restriction on filing motions or other documents set forth in the court's July 7, 2023 order[28] remains in place.

---

[25] *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

[26] *Kay*, 500 F.3d at 1217 (internal quotation marks omitted).

[27] *See Pierce v. Williams*, No. CIV 20-284-RAW-SPS, 2020 U.S. Dist. LEXIS 185074, at *6 (E.D. Okla. Oct. 6, 2020) (unpublished) ("An amended complaint completely replaces the original complaint and renders the original complaint of no legal effect." (citing *Miller v. Glanz*, 948 F.2d 1562, 1565 (10th Cir. 1991))).

[28] (Doc. No. 4.)

5.      Failure to file an amended complaint may result in dismissal of this action.

DATED this 24th day of August, 2023.

BY THE COURT:

_____
Daphne A. Oberg
United States Magistrate Judge